```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
```

|                                  |   |                               |
|----------------------------------|---|-------------------------------|
| RANDY D. MARTIN,                 | ) |                               |
| TIANA DUPREE,                    | ) |                               |
|                                  | ) |                               |
|     Plaintiffs, | ) |                            |
|                                  | ) | Civil Action No. 09-1747(EGS) |
|     v.       | ) |                               |
|                                  | ) |                               |
| MICHELE LEONHART,                | ) |                               |
| Acting Administrator,            | ) |                               |
| Drug Enforcement Agency,         | ) |                               |
| in her official capacity,        | ) |                               |
| of Homeland Security,            | ) |                               |
|                                  | ) |                               |
|     Defendant. | ) |                             |

## MEMORANDUM OPINION

This action involves plaintiffs' request for the return of $19,800 in U.S. Currency (the "funds") seized by agents of the Drug Enforcement Agency ("DEA") from Plaintiff Tiana Dupree ("Dupree") in Washington, D.C. during a random drug search of an overnight Amtrak train traveling from Miami, Florida to New York, New York on August 8, 2008. Pending before the Court is defendant's motion to dismiss. Upon consideration of the motion, the response and reply thereto, the applicable law, and for the reasons stated below, the Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the Court **GRANTS** defendant's motion to dismiss.

## I. BACKGROUND

### A. Initial Seizure of the Funds by the DEA

On or about August 1, 2008, Plaintiff Randy Martin ("Martin") - a New York resident - allegedly went to Florida on vacation and to look at a car that he was interested in buying for his girlfriend, Dupree. Compl. ¶ 10. Martin brought approximately $20,000 in U.S. Currency to Florida in order to purchase the car. Compl. ¶ 11. On or about August 8, 2008, after deciding not to buy the car, Martin asked Dupree - who was returning to New York – "to bring the money . . . back home to his safe because he was going to stay in Florida for a few more days and he wanted the money secured in his safe while he was on vacation." Compl. ¶¶ 15, 17. After boarding an Amtrak train headed for New York, Dupree took the money from Martin and "placed it in her eyeglass case for safekeeping." Compl. ¶ 18.

On or about August 8, 2008, Dupree was awakened by a knock on the door of her sleeper car by DEA agents conducting a random drug search on the train. Compl. ¶ 21. After inspecting Dupree's ticket, the DEA agents searched Dupree's room. Compl. ¶¶ 22, 23. During the course of this search, the DEA Agents "dumped out the contents of Ms. Dupree's purse, opened her eyeglass case, and removed the $19,800 in U.S. currency which was in the case." Compl. ¶ 24. After being confronted about the money, Dupree indicated that it belonged to her boyfriend -

2

Martin. Compl. ¶ 26. One of the DEA agents then called Martin, who confirmed that the money belonged to him. *See* Compl. ¶¶ 27-32. After ending the phone call with Martin, the DEA Agent purportedly remarked to another DEA agent: "He's Jamaican." Compl. ¶ 33. The DEA Agent then seized the $19,800 from Dupree's eyeglass case, gave Dupree a receipt for the money, apologized for the inconvenience, and told Dupree to call a number on a business card he handed her to get the money back. Compl. ¶ 34. No arrest was made, nor were any drugs found in connection with the search of Dupree. Compl. ¶¶ 7-8. After Martin called the telephone number that the DEA agents had provided, he was informed that he would receive information in the mail regarding the seized funds. Compl. ¶ 37.

**B. Plaintiffs' Request for Return of the $19,800**

On September 30, 2008, the DEA mailed a Notice of Seizure (the "Notice") to Martin and Dupree, as well as their attorney. *See* Compl. ¶ 39; *see also* Def.'s Ex. 1-4, Notices of Seizure. The Notice lists the seized property as "$19,800 U.S. Currency" and the owner as "Tania Dupree." Def.'s Ex. 1. The Notice further states, in relevant part:

> The above-described property was seized by the [DEA] for forfeiture pursuant to [21 U.S.C. § 881], because the property was used or acquired as a result of a violation of the Controlled Substances Act . . . . Pursuant to [18 U.S.C. § 983 and 19 U.S.C. §§ 1602-1619], procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property

3

>    (remission or mitigation), and/or you may contest
>    the seizure and forfeiture of the property in
>    Federal Court.

Def.'s Ex. 1; *see also infra* Section II (discussing the statutory scheme established by Congress in civil forfeiture actions, and providing an overview of the process for filing (i) a "petition" for the return of property with the DEA and/or (ii) a "claim" for the judicial review of the seizure and forfeiture with the DEA). Plaintiffs received this Notice. Compl. ¶ 40.[1]

On October 10, 2008, counsel for plaintiffs sent the following letter to the DEA requesting the return of the $19,800 in seized funds (the "October 10, 2008 Letter"):

> I am the attorney representing Ms. Tiana Dupree and
> Randy Martin who on August 8, 2008 had the sum of
> $19,800 taken from them by DEA agents while lawfully
> traveling from Florida to New York. The money was
> seized during an alleged random drug search despite
> the fact that there were no drugs found on my client,
> there was no commission of a crime and the Agent
> could not express any legal basis for the seizure of
> the funds from my clients. There were no arrests and
> no other property was seized.
>
> I am submitting my clients' sworn affidavits to
> petition you to return their property forthwith. In
> doing so, we do not waive our right to proceed in any
> other lawful manner to recover the sum in question.
> In the event you have nay [sic] lawful reason for the
> seizure and subsequent forfeiture of my clients'
> money I request that this information be forwarded to

---

[1] In addition to sending the Notices of Seizure, the DEA also filed three legal notices in the *Wall Street Journal*, apprising potentially interested parties of the seizure and indicating that November 27, 2008 was the last date to file a claim or petition for the funds. *See* Def.'s Ex 9 (Legal Notices dated October 13, 2008, October 20, 2008, and October 27, 2008).

4

>       my office immediately.  However, as I suspect you
>       will agree that the money should be returned to my
>       clients' I would appreciate it if you could forward a
>       check made payable to STEVEN M. FEINBERG, ESQ., as
>       attorney, to my office address.  Thank you for your
>       anticipated cooperation.

Def.'s Ex. 10.  The letter was accompanied by sworn declarations from Dupree and Martin, captioned "Petition for the Return of Money."  See Def.'s Ex. 10.

On October 20, 2008, the DEA mailed a form letter to plaintiffs, indicating that "[y]our petition for Remission and/or Mitigation will be ruled on administratively by this office.  Before any decision can be made, your petition must be reviewed and an investigation may be required."  Def.'s Ex. 11.  By letters dated December 26, 2008 and March 12, 2009, plaintiffs' counsel requested updates regarding the status of his October 10, 2008 Letter requesting the return of funds.  See Def.'s Exs. 13, 16.

### C. Forfeiture of the Funds

On March 23, 2009 – while plaintiffs' October 10, 2008 Letter was still under administrative review – the DEA issued a Declaration of Forfeiture (the "Declaration"), whereby the $19,800 in seized funds were forfeited to the United States pursuant to 19 U.S.C. § 1609.  See Def.'s Ex. 17.[2]

---

[2]     See Def.'s Ex. 17 ("The [$19,800 U.S. Currency] has been seized by agents of the [DEA] pursuant to 21 U.S.C. Section 881. Notice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property.  Also, in

**D. Denial of Plaintiffs' Petition**

On March 24, 2009, the DEA denied plaintiffs' petition for the return of money. *See generally* Def.'s Ex. 18. With regards to Dupree, the DEA explained that remission or mitigation was inappropriate because "Ms. Dupree has failed to demonstrate any interest in the forfeited currency as an owner or a lienholder, as required by Federal regulation." Def.'s Ex. 18 at 2. Next, with regards to Martin, the DEA found that he failed to provide any documentation substantiating his allegation that he was "the owner of the cash" or "a legitimate source for the seized funds." *See* Def.'s Ex. 18 at 2 (explaining that "[p]ursuant to 28 C.F.R. § 9.3(c)(1)(iv), the interest of a petitioner in the property, as owner or otherwise, must be supported by satisfactory documentary evidence, for example, employment records, financial statements, bank statements, or cancelled checks," and advising that "[i]f your client is alleging the forfeited currency to be the proceeds of some transaction, he must then provide credible, verifiable documentation evidencing the transaction"). While the letter

---

accordance with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement. On this date, I have examined this matter, and found that there was sufficient information to support the forfeiture of this property. Therefore, it is hereby declared that such property is forfeited to the United States pursuant to 19 U.S.C. Section 1609.").

also apprised plaintiffs of their right to file a motion for reconsideration, no such motion was filed.

**E.  This Action**

On September 15, 2009, plaintiffs - represented by new counsel – filed suit in this Court alleging violations of 18 U.S.C. § 983, 42 U.S.C. § 1983, as well as the Fourth and the Fifth Amendments of the United States Constitution.  *See* Compl. ¶¶ 55-73.  Plaintiffs principally argue that the DEA erred in failing to initiate judicial forfeiture proceedings, explaining that their October 10, 2008 Letter to the DEA asserted a claim - not a petition for remission or mitigation - and that administrative forfeiture of the seized funds was therefore inappropriate.  *See*, *e.g.*, Compl. ¶¶ 45, 56-60;[3] *see generally infra* Section II (explaining that upon receipt of a notice of seizure, a claimant may contest the forfeiture in a judicial forum by filing a claim with the DEA or seek return of the funds in an administrative forum by filing a petition with the DEA).  Plaintiffs seek, among other things, return of the funds for defendant's failure to file a complaint for judicial forfeiture in a federal district court within 90 days of plaintiffs' October

---

[3]   *See also* Pls.' Opp'n Br. at 3 ("Plaintiffs do not argue now, nor have they in the past, that they filed a petition for remission or mitigation. . . . The allegations in the Complaint and the supporting evidence clearly show that it was Plaintiffs' intent to file a claim and not a petition for remission or mitigation.").

7

10, 2008 Letter. *See generally* 18 U.S.C. § 983(a)(3)(B). On December 23, 2009, defendant filed a motion to dismiss plaintiffs' complaint. This motion is now ripe for determination by the Court.

## II. STATUTORY BACKGROUND

The funds at issue in this case were seized for forfeiture pursuant to Title 21 U.S.C. § 881(a)(6), which provides that all funds traceable as proceeds to a violation of the federal narcotics laws are subject to forfeiture by the United States. 21 U.S.C. § 881(a), (d); *see also* Def.'s Ex. 1, Notice of Seizure ("The above-described property was seized by the [DEA] for forfeiture pursuant to Title 21, United States Code, Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act[.]"). Such forfeitures are governed by the customs laws relating to forfeiture. *See* 21 U.S.C. § 881(d). Under the customs laws, the DEA may administratively forfeit goods valued at or less than $500,000. 19 U.S.C. § 1607. An administrative forfeiture has the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding. *Id.* § 1609(b). The DEA must send written notice to all parties with an interest in the seized property and publish notice of the seizure and its intent to forfeit the goods administratively. *Id.* § 1607(a); 18 U.S.C. § 983(a)(1).

Once the federal government properly commences a civil forfeiture proceeding, the claimant has the opportunity to choose the forum of adjudication. As discussed below, a claimant may choose a judicial forum by filing a claim with the DEA or an administrative forum by filing a petition with the DEA.

**A. Filing a Claim**

A party seeking to challenge the forfeiture of its property in a judicial forum must file a claim with the DEA within the deadline set forth in the notice of seizure or, if the party did not receive a notice letter, then no later than thirty days after the final newspaper publication of the notice of seizure. *See* 18 U.S.C. § 983(a)(2)(B) ("A claim . . . may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure."). A claim "need not be made in any particular form" and need only identify, under oath, the property being claimed and the claimant's interest in that property. *Id.* § 983(a)(2)(C),(D).[4] The timely filing of a claim stops all administrative forfeiture proceedings. *See* 21

---

[4] "A claim shall (i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(c).

C.F.R. § 1316.76(b). The claim is then transferred to a United States Attorney who must initiate a judicial forfeiture action in a federal district court within ninety days or return the seized property. *See* 18 U.S.C. § 983(a)(3). In the subsequent civil forfeiture proceedings, the government bears the burden of proving, by a preponderance of the evidence, that the property is subject to forfeiture. *Id.* § 983(c)(1).

**B. Filing a Petition**

If the claimant fails to timely file a claim, the property is administratively forfeited. 19 U.S.C. § 1609. A claimant may, however, request remission and/or mitigation of the administrative forfeiture by filing a petition within thirty days of receipt of the notice of seizure. 28 C.F.R. § 9.3. A petition must include proof of an individual's interest in the property and state the facts and circumstances justifying remission or mitigation. *See* Def.'s Ex. 1, Notice of Seizure; *see also* 28 C.F.R. § 9.3(c)(1).[5] "Any factual recitation or

---

5 "All petitions must include the following information in clear and concise terms: (i) The name, address, and social security or other taxpayer identification number of the person claiming an interest in the seized property who is seeking remission or mitigation; (ii) The name of the seizing agency, the asset identifier number, and the date and place of seizure; (iii) A complete description of the property, including make, model, and serial numbers, if any; and (iv) A description of the petitioner's interest in the property as owner, lienholder, or otherwise, supported by original or certified bills of sale, contracts, deeds, mortgages, or other documentary evidence." 28 C.F.R. § 9.3(c)(1).

documentation of any type in a petition must be supported by a sworn affidavit." *Id.* § 9.3(c)(2). Once a petition is received, a seizing agency investigates its merits and submits a written report to the Ruling Official. *Id.* § 9.3(f). The Ruling Official then reviews and considers the report and issues a ruling. *Id.* § 9.3(g). The DEA has broad discretion in deciding whether to grant a petition. *See* 28 C.F.R. § 9.7(a)(1) ("Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the Ruling Official."). If the Ruling Official denies the petition, the petitioner is notified of the reasons for the denial and of the right to submit a request for reconsideration. *Id.* § 9.3(i). A request for reconsideration is decided by a different Ruling Official than the one who ruled on the original petition. *Id.* § 9.3(j)(2).

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests whether the court has subject matter jurisdiction over the action. *Zaigang Liu v. Novak*, 509 F. Supp. 2d 1, 3 (D.D.C. 2007). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts the complaint's well-pled factual

allegations as true and construes all reasonable inferences in the plaintiff's favor. *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000). Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). To determine whether it has jurisdiction, the court may consider materials outside the pleadings. *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must present "enough facts to state a claim to relief that is plausible on its face" and "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a 12(b)(6) motion, the Court must construe the complaint "'liberally in the plaintiff's favor,' 'accept[ing] as true all of the factual allegations'" alleged in the complaint. *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008) (alteration in original) (quoting *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008)). Plaintiffs are entitled to "the benefit of

all inferences that can be derived from the facts alleged."
*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**IV. ANALYSIS**

Defendant argues that because plaintiffs failed to file a timely claim with the DEA, the agency forfeited the seized funds through the administrative forfeiture process set forth in the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983. Because the seized funds have already been forfeited to the United States, defendant argues that the Court lacks jurisdiction to review the merits of plaintiffs' complaint. Plaintiffs, however, argue that the underlying administrative forfeiture was improper and that defendant's argument must therefore be rejected. Specifically, plaintiffs contend that because their October 10, 2008 Letter asserted a claim - not a petition – the DEA was required to cease administrative forfeiture proceedings and commence judicial forfeiture proceedings within 90 days or return the seized funds to plaintiffs. The threshold issue for the Court to resolve, therefore, is whether plaintiffs asserted a claim in their October 10, 2008 Letter to the DEA. For the reasons discussed below, the Court concludes that they did not.

First, the Court is persuaded by the fact that plaintiffs' captioned their October 10, 2008 Letter as a "Petition for the Return of Money." Def.'s Ex. 10. Plaintiffs' letter is not captioned a "claim"; it does not mention that a "claim" is being

13

filed; it does not request judicial review; nor does it seek transfer to a United States District Court. *See generally* Def.'s Ex. 10. To the contrary, the October 10, 2008 Letter "petition[s] [the DEA] to return their property forthwith," and purportedly reserves plaintiffs' right "to proceed in any other lawful manner to recover the sum in question." Def.'s Ex. 10. While plaintiffs contend that "[h]ad [they] intended their submission to be construed as a petition for remission or mitigation, Plaintiffs . . . would not have included information required specifically for a claim," such as a "sworn statement," Pls.' Opp'n Br. at 3-4, the Court finds this argument unpersuasive in light of the fact that "[a]ny factual recitation or documentation of any type in a petition must be supported by a sworn affidavit." 28 C.F.R. § 9.3(c)(2). Plaintiffs' counsel is therefore incorrect in his contention that "a petition for remission or mitigation need not be accompanied by a sworn statement." Pls.' Opp'n Br. at 4.

Second, in response to plaintiffs' October 10, 2008 Letter, the DEA notified plaintiffs on October 20, 2008 that it was construing their "Petition for Return of Money" as a petition for remission and/or mitigation. *See* Def.'s Ex. 11. Specifically, the DEA informed plaintiffs, through counsel, that "[plaintiffs'] petition for Remission and/or Mitigation will be ruled on administratively by this office." Def.'s Ex. 11. Upon receipt

14

of this letter, plaintiffs did not notify the DEA that their October 10, 2008 Letter had been misconstrued, or that they wished to proceed with judicial review rather than administrative review. Indeed, had plaintiffs informed the DEA upon receipt of the DEA's October 20, 2008 Letter that their October 10, 2008 Letter had been misconstrued as a petition rather than a claim, plaintiffs would have been well within the November 4, 2008 deadline for filing a claim. Instead of notifying the DEA that their letters had been construed, however, plaintiffs sent follow-up letters to the DEA requesting updates "as to the status of [their] request to have the funds released." Def.'s Ex. 13, 16. Plaintiffs also failed to file a motion for reconsideration with the DEA after the agency issued its determination that, among other things, plaintiffs were foreclosed from contesting the forfeiture judicially because they had failed to file a claim within the prescribed time. *See* Def.'s Ex. 18 at 3.

Because plaintiffs - who were represented by counsel - failed to notify the DEA that their petition had been misconstrued (i.e., that their October 10, 2008 Letter asserted a claim for judicial review rather than a petition for administrative review), this Court will not countenance plaintiffs' post hoc attempts to recast their administrative petition as a claim. *See Malladi Drugs & Pharms., Ltd. v. Tandy*, 538 F. Supp. 2d 162 (D.D.C. 2008), *aff'd on other grounds*, 552

15

F.3d 885 (D.C. Cir. 2009) (rejecting the plaintiff's contention that its petitions for remission or mitigation of forfeiture were also claims). Having carefully reviewed the facts of this case, the Court concludes that plaintiffs waived their opportunity to seek relief in a judicial forfeiture action by proceeding with administrative review by the DEA. *Cf. Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 890 (D.C. Cir. 2009) ("Malladi elected to forego the legal remedy it seeks here when it chose the discretionary administrative remedy and allowed the time for filing a claim under the administrative scheme to pass. Having waived its opportunity for judicial forfeiture proceedings during the administrative process, Malladi may not now attempt to correct its choice of remedy in federal court.").

Accordingly, because plaintiffs did not file a timely claim with the DEA contesting the forfeiture, the forfeiture occurred and became final in the administrative process. *See* Def.'s Ex. 17. Under the scheme established by Congress, the filing of a claim by an aggrieved party is the exclusive means by which a claimant can have a judicial determination as to the forfeiture's validity.[6] Because a federal district court has no jurisdiction

---

[6] A party may also file a motion to set aside an administrative forfeiture if a person entitled to written notice of the forfeiture proceeding did not receive the required notice. *See* 18 U.S.C. 983(e)(1). In this case, however, plaintiffs do not argue that they did not receive adequate notice, and therefore are not eligible to bring such a suit. *See* Compl. ¶¶ 39-40 ("On September 20, 2008, the DEA mailed a Notice of Seizure

to entertain a lawsuit which is brought by a claimant wholly apart from the procedure established by Congress, this Court lacks jurisdiction to review the merits of plaintiffs' complaint. *See, e.g.*, *McKinney v. DEA*, 580 F. Supp. 2d 1, 3-4 (D.D.C. 2008) (concluding that where the plaintiff received the DEA's notice of seizure and failed to timely file a claim, the Court is "without jurisdiction to review whether the forfeiture was based on a legal search, as the statute requires, or to order the return of the asset"); *Aquasviva v. DEA*, No. 02-3076, 2004 U.S. Dist. LEXIS 16876, at *11 (S.D.N.Y. Aug. 24, 2004)(granting the defendant's motion to dismiss for lack of jurisdiction because "the plain fact is that plaintiff failed to follow the prescribed route to a judicial determination, and [] cannot now substitute some other method of proceeding").[7]  Defendant's motion to dismiss is

---

both to Martin and Dupree.  It listed the property as $19,800 in U.S. currency, the owner as Dupree, and the seizure date as August 8, 2008.  Plaintiffs received the Notices of Seizure[.]").

[7]  Even assuming, *arguendo*, that the Court has jurisdiction to review plaintiffs' constitutional and statutory claims, the Court concludes that plaintiffs' failure to raise these claims before the DEA precludes the Court from considering them in the first instance.  *See Malladi Drugs*, 552 F.3d at 891-92 (explaining that because the petitioner "had adequate opportunity to make the DEA aware of its [] objection but failed to do so, . . . it cannot [later] challenge the DEA's action on that ground"); *Colon-Calderon v. DEA*, 218 Fed. Appx. 1, 1 (D.C. Cir. 2007) (declining to consider the petitioner's constitutional challenge because "petitioner never raised this contention before the DEA").  Plaintiffs present no argument to the contrary.  *See* Pls.' Opp'n Br. at 5-6 (conceding that plaintiffs did not raise these arguments before the DEA).

therefore **GRANTED**.

**V. CONCLUSION**

For the reasons set forth above, the Court **GRANTS** defendant's motion to dismiss. The complaint in this action is hereby dismissed with prejudice for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

**SIGNED:**     **Emmet G. Sullivan**
                **United States District Court Judge**
                **June 15, 2010**